**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 14-cv-02627-MSK-KLM

BOBBY LEE ADAMS,

Plaintiff,

v.

DENVER HEALTH AND HOSPITAL AUTHORITY, a/k/a Denver Health,
Of the City and County of Denver,

Defendant.

---

**PROTECTIVE ORDER**

---

The Court, upon joint motion of the Parties for entry of a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information DOES ORDER:

1. Entry of this Protective Order is proper to protect against the use or disclosure of Confidential Information outside the scope of this litigation which could result in significant injury to business or privacy interests of one or more of the Parties or of non-parties.

2. "Confidential Information" means any document, file, portions of files, transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom - not made available to the public - and designated by one of the Parties in the manner provided in paragraph 3 below as containing confidential personnel information, confidential medical information, confidential financial information, information subject to confidentiality obligations owed to third parties, or other confidential information. Any information designated by a party as confidential must first be reviewed by a

lawyer whose designation of the information as confidential shall constitute the lawyer's certification that the designation is based on a good faith belief that the information is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c)(7).

3. Where Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, or produced by any health care provider of Plaintiff, it will be designated in the following manner:

a. By imprinting the word "Confidential" on the first page or cover of any document produced;

b. By imprinting the word "Confidential" next to or above any response to a discovery request;

c. With respect to transcribed testimony by deposition or otherwise, by giving written notice to opposing counsel designating such portions as "Confidential" no later than ten calendar days after receipt of the transcribed testimony, or by placing an appropriate statement on the record during a deposition, provided, however, that witness testimony specifically relating to any Confidential medical record shall be deemed confidential, provided that such medical record continues to be Confidential Information pursuant to this Protective Order; and

d. ~~**[Plaintiff's proposal follows:]**~~ All records ~~obtained~~ produced to Defendant from any health care provider of Plaintiff shall be deemed to include an initial designation by Plaintiff of "Confidential," subject to this Order, including the objection procedure stated in Paragraph 10 below. ~~**[Defendant's proposal follows:]** With respect to any records produced to Defendant by any health care~~ KLM

provider of Plaintiff, Defendant shall provide copies of all such records to Plaintiff, and Plaintiff shall have ten days after delivery of such records to designate any of them as "Confidential" pursuant to this Order. Until such ten days have elapsed, Defendant shall treat all such records as "Confidential" under the terms of this Order. Thereafter, any such records designated by Plaintiff's counsel as "Confidential" shall be subject to this Order.

4. All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

a. It shall be used only for the purpose of this litigation and not for any business or other purpose whatsoever;

b. It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, to anyone except for purposes of this case and unless an agreement in the form of Exhibit A has been signed.

5. Individuals authorized to review Confidential Information pursuant to this Protective Order shall include: (1) counsel for the parties and staff employed by counsel and assisting with the litigation; (2) named parties, and representatives of the corporate defendant assisting with the litigation; (3) expert witnesses retained by the parties; and (4) witnesses to whom Confidential Information is disclosed for purposes of testimony at deposition or trial or preparation for such testimony. All such qualified recipients shall hold Confidential Information in confidence and shall not divulge the Confidential Information, either verbally or in writing, to any other person, entity or government agency unless authorized to do so by court order.

6. The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall obtain and retain the original agreements signed by qualified recipients of Confidential Information, and shall maintain a list of all persons to whom any Confidential Information is disclosed.

7. During the pendency of this action, opposing counsel may upon court order or agreement of the parties inspect the list maintained by counsel pursuant to paragraph 6 above upon a showing of substantial need in order to establish the source of an unauthorized disclosure of Confidential Information and that opposing counsel are unable otherwise to identify the source of the disclosure. If counsel disagrees with opposing counsel's showing of substantial need, then counsel may seek a court order requiring inspection under terms and conditions deemed appropriate by the Court, pursuant to Magistrate Judge Mix's discovery procedures.

8. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation and such copies shall be made and used solely for purposes of this litigation.

9. During the pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 8 above.

10. A party may object to the designation of particular Confidential Information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as Confidential to make an appropriate motion pursuant to Magistrate Judge Mix's discovery procedures requesting that the court

determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely made, the disputed information shall be treated as Confidential under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to make such a motion within the prescribed time, the disputed information shall lose its designation as Confidential and shall not thereafter be treated as Confidential in accordance with this Protective Order. In connection with a motion made under this provision, the party designating the information as Confidential shall bear the burden of establishing that good cause exists for the disputed information to be treated as Confidential. The parties shall comply with D.C. Colo. LCivR 7.2.

11. In the event Confidential Information is used in any court filing or proceeding in this action, including but not limited to its use at trial, it shall not lose its confidential status as between the parties through such use. A party wishing to file with the court any information designated as Confidential Information by the opposing party shall first confer with counsel for the designating party. If the designating party refuses to allow the information to be filed except under seal, the filing party shall file the Confidential Information as a Level 1 restricted document pursuant to D.C. Colo. LCivR 7.2(e), and it shall then be the burden of the designating party to file a motion to restrict public access pursuant to D.C. Colo. LCivR 7.2(c). This Order is without prejudice to the rights of any Party to file any motions regarding the manner in which Confidential Information may be used at trial.

12. The termination of this action shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order.

13. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.

14. Upon termination of this litigation, including any appeals, each Party's counsel shall, if requested by the producing party, immediately either destroy or return to the producing party all Confidential Information provided subject to this Protective Order, and all extracts, abstracts, charts, summaries, notes or copies made therefrom. Upon request of the producing party, counsel shall also provide to the producing party the list of individuals who have received Confidential Information which counsel shall have maintained pursuant to paragraph 6 herein, and verification that any Confidential Information has been destroyed or returned to the producing party. **[~~Plaintiff's proposal follows~~:]** Notwithstanding the foregoing, counsel for each party may maintain in his possession one set of all Confidential Information provided by the opposing party, which shall remain subject to the terms of this Order. ~~**[Defendant's proposal follows:]** If Counsel for the receiving party so chooses, in lieu of destroying Confidential Information received from the other party, that Confidential Information may be returned to the producing party upon condition that the producing party agree to maintain that information for three years, in which case counsel for producing party shall do so.~~ KLM

15. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

Dated at Denver, Colorado, this 13th day of April, 2015.

BY THE COURT:

KRISTEN L. MIX
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO

**EXHIBIT A**

**AGREEMENT TO TERMS OF PROTECTIVE ORDER**

STATE OF COLORADO )
) ss.
COUNTY OF ____________ )

___________________, swears or affirms and states under penalty of perjury:

1. I have read the Protective Order in *Bobby Lee Adams v. Denver Health and Hospital Authority*, Civil Action No. 14-cv-02627-MSK-KLM.

2. I have been informed by _______________, counsel for _________________, that the materials described in the list attached to this Agreement are Confidential Information as defined in the Protective Order.

3. I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

4. For the purposes of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

5. I will abide by the terms of the Protective Order.

______________________________
(Signature)

______________________________
(Print or Type Name)

Address: ______________________
______________________________

Telephone No.: (___) ___________